[No. 14705–6–I.   Division One.   June 2, 1986.]

ROBERT G. MARTIN, *Appellant*, v. TX ENGINEERING, INC., *Respondent*.

*Arnold Joseph Barer* and *Weckworth, Barer & Meyer,* for appellant.

*Charles Roscoe Branson,* for respondent.

UTTER, J.*—Robert G. Martin appeals the trial court's order granting respondent TX Engineering's motion for summary judgment. The court found Martin's action for compensation for services rendered as a consultant engineer was barred by RCW 18.43 inasmuch as Martin was not a licensed engineer as required by that chapter. We reverse the trial court's decision and find that RCW 18.43 is not a bar to Martin's action.

Martin was educated and trained in electronic engineering and has worked as a consultant engineer for a number of companies in the Seattle–King County area. Martin met with TX to determine if Martin would be able to assist TX in its projects. TX is a designer and producer of equipment for the reception and distribution by cable of satellite television signals.

TX discussed with Martin projects on which it needed assistance and explored Martin's background to determine

---

*This appeal was heard by a Supreme Court Justice and two retired Superior Court Judges sitting as Court of Appeals Judges Pro Tempore in Division One.

if he could be of assistance. Following these meetings TX offered and Martin accepted work as a consultant. At no time during these meetings or during his work for TX did Martin represent he was registered or licensed as an engineer with the State of Washington, or that he was a "professional engineer". TX never inquired into Martin's licensing status or expressed the need that Martin be licensed in order to work for TX.

Martin worked for TX as an electronic engineer consultant from February 2, 1983 to July 19, 1983. On September 1, 1983, TX owed Martin $9,887.10 for work performed. TX refused to pay this amount despite Martin's demand for payment.

Martin filed a complaint for moneys owed from TX on October 3, 1983. On March 27, 1984, TX moved for summary judgment claiming it was entitled to judgment as a matter of law because Martin was an unlicensed engineer and his action was barred by RCW 18.43. The trial court granted the motion and dismissed Martin's complaint with prejudice on April 16, 1984. Martin appeals the trial court's order.

The sole issue for our decision is whether Martin's work as an electronic engineering consultant is activity intended to be regulated by RCW 18.43 and whether RCW 18.43 bars an action for compensation for services rendered by an unlicensed electronic engineer to an engineering corporation.

On appeal, Martin argues that his work as an electronic engineering consultant is not engineering work that is to be regulated by RCW 18.43, and thus he does not need to be a licensed engineer to practice electronic engineering. Martin contends that the Legislature did not intend to regulate electronic engineering, but intended to regulate the traditional fields of engineering including civil, mechanical, and structural. RCW 18.43.010 requires any person who practices engineering must be registered within the State. The practice of engineering is defined as:

any professional service or creative work requiring engineering education, training, and experience and the application of special knowledge of the mathematical, physical, and engineering sciences to such professional services or creative work as consultation, investigation, evaluation, planning, design and supervision of construction for the purpose of assuring compliance with specifications and design, in connection with any public or private utilities, structures, buildings, machines, equipment, processes, works, or projects.

A person shall be construed to practice or offer to practice engineering, within the meaning and intent of this chapter, who practices any branch of the profession of engineering; or who, by verbal claim, sign, advertisement, letterhead, card, or in any other way represents himself to be a professional engineer, or through the use of some other title implies that he is a professional engineer; or who holds himself out as able to perform, or who does perform, any engineering service or work or any other professional service designated by the practitioner or recognized by educational authorities as engineering.

The practice of engineering shall not include the work ordinarily performed by persons who operate or maintain machinery or equipment.

RCW 18.43.020.

■ There is no indication in either the legislative history or the language of the act that the Legislature intended to regulate the field of electronic engineering. The statute was enacted in 1947, long before the technological revolution in electronic engineering. Its training requirements are not clearly related to the special needs of electronic engineering. The statute has not been amended since its enactment although there has been a great increase in the number of electronic engineers is our state in the last decade. The transistor was not invented until 1948; the integrated circuit followed by almost 15 years and large scale integration was developed later. These form the base of this new discipline and could not have been within the contemplation of legislation when this act was adopted. For

these reasons we are unwilling to construe RCW 18.43 to include electronic engineering within its regulatory requirements. To do so would expose Martin to criminal liability under RCW 18.43.120, and could potentially result in Martin being prohibited from seeking compensation for his services. Such drastic consequences must be the result of clearly expressed legislative intent. We will not imply such intent.

Alternatively, even if RCW 18.43 were to apply, it would not bar an action for compensation for engineering services rendered by an unlicensed engineer to an engineering corporation. Martin claims that the purpose of the statute is to protect the public and not other engineers. As it lacks an express nonclaim provision, he urges he can recover compensation for his consulting services. TX disagrees contending that because Martin is unlicensed, his contract for engineering consultant services is unlawful and this State will not enforce unlawful contracts.

This licensing statute was enacted to protect the public, "to safeguard life, health, and property, and to promote the public welfare". RCW 18.43.010. No cases have decided whether this statute's protection extends to transactions with other engineers, thereby barring any action for compensation under facts similar to those of this case. The Washington Supreme Court, however, has interpreted the contractor registration statute in *Bremmeyer v. Peter Kiewit Sons Co.*, 90 Wn.2d 787, 585 P.2d 1174 (1978), which addresses a similar claim.

In *Bremmeyer,* an unregistered subcontractor brought suit against a prime contractor to recover services rendered under a subcontract. There the prime contractor claimed that the express language of RCW 18.27, the contractor registration statute, barred plaintiff's action because he was not registered. The court held that RCW 18.27 did not bar the unregistered subcontractor's action for compensation even though an express nonclaim provision was in the act,

requiring registration as a prerequisite to suit. RCW 18.27-.080. The court relied on the history and purpose of the act which focused on protection of the public from incompetent contractors. RCW 18.27.140; Laws of 1973, 1st Ex. Sess., ch. 161. Recognizing the inconsistency between the court's holding and an express provision in the statute, the court stated that "[t]here are times when even the *literal expression* of legislation may be *inconsistent with the general objectives or policy behind it, . . .*", *Bremmeyer,* at 791 (citing *Murphy v. Campbell Inv. Co.,* 79 Wn.2d 417, 420, 486 P.2d 1080, 1082 (1971)) (emphasis by *Murphy* court).

The reasoning of *Bremmeyer* requires us to hold that RCW 18.43 is not a bar to Martin's claims. The penalty section of the contractors registration act is more stark than that in the engineers licensing act and yet the reasoning of *Bremmeyer* would defeat TX's claim even if the statutes were similar. The purpose of RCW 18.43.010 is to protect the public from incompetent engineers. Registration requirements are focused on establishing minimum competency standards upon which the public may rely. They require professional engineers to pass an examination and have 8 years of experience in engineering work, satisfactory to the board, before the applicant is competent to practice. RCW 18.43.040. The apparent purpose for these requirements is to ensure that the uninformed public is not rendered services by an incompetent engineer, not to protect engineering employers who may grade the employees' competence by their own standards. The absence of a prohibition against bringing a claim for work rendered adds weight to this conclusion.

Our holding that RCW 18.43 does not bar Martin's claim for compensation does not run counter to the common law rule that illegal contracts will not be enforced. Because we hold RCW 18.43 does not apply to transactions between engineers, the statute does not have the effect of rendering Martin's contract illegal.

The trial court's order granting TX Engineering's motion

for summary judgment is reversed and the case is remanded for trial.

COLE and SCHUMACHER, JJ. Pro Tem., concur.